### MAJORS VS. THE STATE.

EVIDENCE: *How a witness may be impeached.*

Under the provisions of sec. 2524, Gantt's Dig., a witness may be impeached by evidence that his general reputation for truth and immorality renders him unworthy of belief.

APPEAL from *Poinsett* Circuit Court.
Hon. JOHN W. FOX, Circuit Judge.
*Hazeldine* and *Wilshire & Allen*, for appellant.
*J. R. Montgomery*, Attorney General, *contra.*

ENGLISH, C. J.   The appellant, John T. H. Majors, who was clerk of the circuit court of Poinsett county, was indicted

for disclosing to W. A. Porter, before his arrest, the fact that an indictment had been found against him. He was tried on a plea of not guilty, the jury returned a verdict of guilty, and the court rendered judgment, fining him one hundred dollars, and removing him from the office of clerk. A motion for a new trial was overruled, and bill of exceptions taken.

On the trial, the state introduced Porter as a witness, and proved by him the material allegations of the indictment. The appellant undertook to impeach the witness. The testimony of the first witness of the appellant extended only to the general reputation of the state's witness for truth and veracity. The second witness stated that he knew his character for truth, veracity and "immorality" in the community in which he lived, and that from that general character for truth and "immorality," he would not believe him on oath. The third witness testified, also, that his general character for truth and "immorality" was bad, and that from his general character he would not believe him on oath. The fourth witness (Beecher) testified that he had known Porter for a number of years; that he knew his general character for immorality in the community in which he lived; that his general character as such was very bad, and that from his general character he would not believe him on oath. The testimony of this witness, and so much of the testimony of the other impeaching witnesses as went to the immorality of Porter, was excluded by the court from the jury.

It seems from the bill of exceptions that the court below was of the opinion that the witness could only be impeached by proving that his reputation for truth and veracity was such as to render him unworthy of belief, and that the inquiry could not extend to his general reputation for immorality, etc.

In *Teese et al. v. Huntingdon et al.*, 23 How., 11, Mr. Justice

CLIFFORD said: "Courts of justice differ very widely, whether the general reputation of the witness for truth and veracity is the true and sole criterion of his credit, or whether the inquiry may not properly be extended to his entire moral character and estimation in society," etc.

In *Pleasant v. The State*, 15 Ark., 652, this court said: "In cases of rape, or assault with intent to commit rape, the inquiry as to the reputation of the prosecutrix is not confined to truth and veracity, but extends, as we have seen, to her chastity. Whether this is the only exception to the rule, we do not mean to decide in this case, as the question does not arise. There are some authorities against confining the inquiry in any case, to the reputation of the witness for truth and veracity, and in favor of extending it to the entire moral character and standing in society. 1 Greenl. Ev., note 3 to sec. 461, p. 582."

Since these opinions were written, our code of practice was adopted, and it contained a provision on the subject (sec. 654) copied from the Kentucky code, which has been carried into Gantt's Digest (sec. 2524), and which the court below probably overlooked. It provides that "a witness may be impeached by the party against whom he is produced, by evidence that his general reputation for truth or immorality renders him unworthy of belief; but not by evidence of particular wrongful acts, except that it may be shown by the examination of a witness or record of a judgment, that he has been convicted of felony."

Under this statute the court below erred in excluding the testimony of the impeaching witness Beecher, etc.

The judgment must be reversed and the cause remanded, with instructions to the court below to grant the appellant a new trial.